| UNITED STATES DISTRICT COURT | PRIORITY SEND |
|---|---|
| CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

CIVIL MINUTES -- GENERAL

Case No.   **CV 11-9542-JFW (FMOx)**                                                   Date:  November 18, 2011

Title:   Federal National Mortgage Association -v- William Devase, et al.

**PRESENT:**

   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

   Shannon Reilly                                              None Present
   Courtroom Deputy                                         Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**       **ATTORNEYS PRESENT FOR DEFENDANTS:**
   None                                                                         None

**PROCEEDINGS (IN CHAMBERS):**   ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT

   On July 13, 2011, Plaintiff  Federal National Mortgage Association ("Plaintiff") filed a Verified Complaint for Unlawful Detainer against Defendant William Devase ("Defendant") in Los Angeles Superior Court.  On November 16, 2011, Defendant filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

   Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

   Defendant fails to meet his burden of demonstrating that removal is proper.  Plaintiff's Verified Complaint alleges one claim for unlawful detainer under state law.  While Defendant alleges in his Notice of Removal that the claim arises under federal law, "[a]n unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction."  *Cooper v. Washington Mut. Bank*, 2003 WL 1563999, *2 (N.D. Cal. Mar. 19, 2003) (internal citation omitted).  Accordingly, there is no federal question jurisdiction presented by Plaintiff's action.

For the foregoing reasons, this Court lacks subject matter jurisdiction over this action. Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.